IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr116-MHT |
| | ) | (WO) |
| G. FORD GILBERT, | ) | |
| MARTIN J. CONNORS, and | ) | |
| RANDALL M. DAVIS | ) | |
| | ) | |

## ORDER

Defendants G. Ford Gilbert, Martin J. Connors, and Randall M. Davis have been charged with conspiracy to commit offenses against the United States, specifically bribery concerning a program receiving federal funds, in violation of 18 U.S.C. §§ 371 & 666(a), as well as other offenses. This matter is now before the court on Gilbert's and Davis's requests for a pretrial hearing to determine the admissibility of coconspirators' statements, and motions *in limine* to exclude those statements from trial. Based on the submissions of both parties as well as the record developed so far as a whole, the court concludes that a pretrial hearing is

not necessary in this case, as demonstrated below, and the motions are denied.

In *United States v. James*, 590 F.2d 575 (5th Cir. 1979), the former Fifth Circuit Court of Appeals set out the procedure for determining whether a coconspirator statement meets the requirements of Rule 801(d)(2)(E).  (In *Bronner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.)  Under *James*, the government bore the burden of proving the existence of an underlying conspiracy by "substantial" evidence "independent of the hearsay declarations of the coconspirators."  *James*, 590 F.2d at 580-81 (internal quotation marks omitted).  The court's determination of whether the government has met its burden could be made prior to trial during a hearing outside the presence of the jury, or a statement could be admitted subject to the requirement that the

government will "connect it up" by the end of trial, that is, will establish a proper foundation for the admission of the statement. *Id*. at 581-82. But, under *James*, the "preferred" order of proof was a pretrial hearing "whenever reasonably practicable," wherein the trial court would assess the evidence of a conspiracy before admitting coconspirator statements, *id*. at 582, though the Eleventh Circuit has later re-emphasized that such hearings are not mandatory. *United States v. Espino-Perez*, 798 F.2d 439, 441 (11th Cir. 1986).

The practical underpinnings to *James*'s pretrial hearing preference were significantly undermined by the United States Supreme Court's ruling in *Bourjaily v. United States*, 483 U.S. 171 (1987). There, the Court held, contrary to what was said in *James*, that the government need prove the preliminary facts establishing a conspiracy only by a preponderance of the evidence and that the statements sought to be admitted could themselves be examined as evidence of the underlying conspiracy. *See id*. at 176, 181. Rule

801 was subsequently revised to incorporate the *Bourjaily* ruling, stating: "The statement must be considered but does not by itself establish ... the existence of the conspiracy or participation in it." Fed. R. Evid. 801(d)(2). Currently, "[f]or evidence to be admissible under Rule 801(d)(2)(E), the government must prove by a preponderance of the evidence these things: (1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) the statement was made during the course and in furtherance of the conspiracy." *United States v. Hasner*, 340 F.3d 1261, 1274 (11th Cir. 2003).

Gilbert and Davis do not raise any arguments specific to the facts of their case, but only invoke the generalized concern that if this court forgoes holding a pretrial *James* hearing, they may suffer irreversible prejudice at trial. The government responds that holding a *James* hearing is no longer the norm in the Eleventh Circuit and that it would be more

4

efficient to admit the coconspirator statements at issue subject to their being connected up by the close of the government's evidence. This court routinely handles evidentiary issues at trial and may do so by instructing the jury as to what evidence it may consider in relation to each defendant.

Having considered the parties' submissions and the record developed thus far, the court concludes that a *James* hearing is not necessary in this case, for the court can adequately address the moving defendants' evidentiary concerns during the trial itself. *See United States v. Sanchez*, 722 F.2d 1501, 1507 (11th Cir. 1984) (holding that a separate *James* hearing was not required, and it was not error to decide the *James* issue after the government had introduced the statements into evidence).

***

Accordingly, for the foregoing reasons, it is ORDERED that defendant G. Ford Gilbert's and defendant Randall M. Davis's motions for a pretrial hearing to

determine admissibility of coconspirator statements and motions *in limine*, to the extent they concern the admissibility of coconspirator statements (doc. nos. 57, 120, 121, 129, and 130), are denied.

DONE, this the 29th day of November, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**